1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10
BRYAN L. WEBB,                    )   No. CV 17-1077 SJO (FFM)
11                                 )
                    Petitioner,    )   ORDER SUMMARILY DISMISSING
12                                 )   PETITION WITHOUT PREJUDICE
        v.                         )
13                                 )
SUPERIOR COURT OF                  )
14  CALIFORNIA SAN BERNARDINO      )
    COUNTY,                        )
15                                 )
                    Respondent.    )
16  _____ )

17

18                         **INTRODUCTION**

19          On or about May 31, 2017, petitioner Bryan L. Webb ("petitioner"), a

20  California prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus

21  (the "petition") pursuant to 28 U.S.C. § 2254.  The petition challenges petitioner's

22  thirteen-year prison sentence imposed by the Superior Court of California for the

23  County of San Bernardino ("sentencing court") after petitioner pled guilty to

24  burglary and admitted as true two sentencing enhancements.  For the reasons

25  discussed below, the Court finds that summary dismissal of the petition is

26  appropriate.

27  / / /

28  / / /

**DISCUSSION**

*The Petition is Fully Unexhausted*

Generally, a federal court may not consider the merits of a habeas corpus petition challenging a state-imposed judgment unless the habeas petitioner has exhausted his state-court remedies with respect to every claim in the petition. *See* 28 U.S.C. § 2254(b)(1)(A); *Rose v. Lundy*, 455 U.S. 509, 518-22 (1982). Exhaustion requires that the petitioner fairly present each claim in the petition to the highest court of the state that imposed the challenged judgment. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

Here, the face of the petition flatly states that petitioner has not raised his claims in the California Supreme Court. (Pet. at 5-7.)[1] California Supreme Court records also indicate that petitioner did not seek direct review from that court at any time after September 4, 2014, the date petitioner entered his guilty plea (Pet. at 28-29).[2] Moreover, the only habeas petition that petitioner has filed in the California Supreme Court could not have attacked the judgment challenged herein; it was filed on August 8, 2014, approximately one month before petitioner pled guilty and two months before October 27, 2014, the date petitioner was sentenced (Pet. at 2, 26-27). Accordingly, the Court concludes that petitioner has not raised his claims before California's highest court and has thus failed to exhaust his state court remedies with respect to any of the claims presented in the petition.

/ / /

---

[1] All citations to filings in this case refer to the pagination provided by the Court's electronic docket.

[2] The Court takes judicial notice of the California Supreme Court's records, located on the California Court of Appeal case information website, http://appellatecases.courtinfo.ca.gov/index.html. *See Porter v. Ollison*, 620 F.3d 952, 954-55 (9th Cir. 2010) (citations omitted) (federal courts may take judicial notice of state court proceedings found on the internet).

Federal courts will generally excuse the failure to exhaust where "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). If it were clear that the California Supreme Court would hold that petitioner's unexhausted claims were procedurally barred under state law, then the exhaustion requirement would be satisfied. However, it is not "clear" here that the California Supreme Court will hold that petitioner's claims are procedurally barred under state law. *See, e.g.*, *In re Harris*, 5 Cal. 4th 813, 825 (1993) (granting habeas relief where petitioner claimed sentencing error, even though the alleged sentencing error could have been raised on direct appeal). Moreover, no other bases exist for finding that the exhaustion requirement should be excepted in this instance. Accordingly, the Court concludes that invocation of either exception to the exhaustion requirement is inappropriate and that petitioner was required to exhaust his state court remedies before presenting his claims to this Court.

## *Petitioner Is Not Entitled to a Stay*

Notwithstanding the general prohibition on federal courts' consideration of unexhausted claims, district courts are not necessarily required to dismiss petitions that consist entirely of unexhausted claims. *Mena v. Long*, 813 F.3d 907, 912 (9th Cir. 2016). Rather, district courts have the discretion to stay federal habeas proceedings in cases of fully-unexhausted petitions when a petitioner makes the same showing required for a stay under *Rhines v. Weber*, 544 U.S. 268 (2005). *Mena*, 813 F.3d at 910. Under *Rhines*, a stay is only appropriate if the petitioner demonstrates that: (1) he has good cause for failing to exhaust his claims; (2) his claims are "potentially meritorious"; and (3) he has not engaged in any "dilatory litigation tactics." 544 U.S. at 278.

Here, the Court declines to stay the petition because petitioner's claims are not "potentially meritorious."

To the extent they can be discerned, petitioner's claims appear to allege that the sentencing court misinterpreted or misapplied various California sentencing provisions, namely California Penal Code §§ 654, 667, 186.22, and 1170.12. (*See generally* Pet. at 7-15.) Thus, the petition is based entirely on purported violations of California law. Accordingly, petitioner's claims are not "potentially meritorious" because federal habeas relief is available only for violations of federal rights.[3] *See Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("We have stated many times that federal habeas corpus relief does not lie for errors of state law." (internal quotation marks omitted)); *Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1994) ("Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief." (citations omitted)). Furthermore, the Court declines to consider whether petitioner's state-law claims could be meritorious if they were framed as federal due process violations. *See Little v. Crawford*, 449 F.3d 1075, 1083 n.6 (9th Cir. 2006) (citations omitted) (declining to consider whether state-law claim amounted to federal due process violation); *see also Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996) (holding that petitioner may not "transform a state-law issue into a federal one merely by asserting a violation of due process").

Because petitioner has failed to make the requisite showing for a stay, the petition is subject to dismissal as unexhausted. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991) ("[A] state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims." (citations omitted)).

/ / /

## CONCLUSION

---

[3] Petitioner's claims would be subject to dismissal on this basis even if they were exhausted. *See McFarland v. Scott*, 512 U.S. 849, 856 (1994) (summary dismissal appropriate where petition "appears legally insufficient on its face").

For the foregoing reasons, the Court finds that summary dismissal of the petition is appropriate under Rule 4 of the Rules Governing Section 2254 Cases In United States District Courts.  Accordingly, the petition is hereby DISMISSED without prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated: June 9, 2017

S. JAMES OTERO
United States District Judge

Presented by:
/S/ FREDERICK F. MUMM
FREDERICK F. MUMM
United States Magistrate Judge